department, entered May 12, 1925, unanimously affirming an award of the State Industrial Board, made under the Workmen's Compensation Law, to the State Treasurer for the death of an employee of the defendant Niagara Falls Power Company as the result of injuries received in the course of his employment. The widow and children of decedent elected to proceed against third parties for negligence and recovered more than the commuted value of their claim for compensation. The question was whether the State Treasurer was entitled to an award under subdivisions 7 and 8 of section 15 of the Workmen's Compensation Law.

F. A. W. Ireland for appellants.

Albert Ottinger, Attorney-General (E. C. Aiken of counsel), for respondents.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Claim of MAGDALENA KNITTLE, Respondent, against CASSIDY Co., INC., et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — death of workman from sarcoma which developed from injury — notice to employer.*

*Matter of Knittle v. Cassidy Co., Inc.,* 213 App. Div. 843, affirmed. (Argued October 6, 1925; decided October 20, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 23, 1925, modifying and affirming as modified an award of the State Industrial Board made under the Workmen's Compensation Law. Claimant's husband died from sarcoma which developed from an accidental injury received in the course of his employment about sixteen months prior to his death. It was claimed that no notice of the particular injury from which sarcoma developed was given to the employer until seven or eight

weeks after the accident and that knowledge upon the part of the employer of the accident and that decedent was otherwise injured was insufficient.

*William H. Foster* and *T. Carlyle Jones* for appellants.

*William V. Hagendorn* for claimant, respondent.

*Albert Ottinger, Attorney-General (E. C. Aiken* of counsel), for State Industrial Board, respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Claim of LOUIS ANDERSON against JOHNSON LIGHTERAGE COMPANY et al., Respondents.

STATE INDUSTRIAL BOARD, Appellant.

*Workmen's Compensation Law — jurisdiction — former adjudication — State Industrial Board without jurisdiction to reopen case after decisions by Appellate Division and Court of Appeals that it had no power to make award.*

*Anderson v. Johnson Lighterage Co.,* 214 App. Div. 743, affirmed. (Argued October 7, 1925; decided October 27, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 26, 1925, reversing an award of the State Industrial Board, made under the Workmen's Compensation Law. The claimant, a longshoreman, in 1917 was injured by a fall on a dock in the course of his employment. An award, under the Workmen's Compensation Law, was made but on appeal to the Appellate Division said award was reversed and the appeal dismissed (182 App. Div. 152) on the ground that claimant was engaged in maritime work. On appeal to the Court of Appeals the decision of the Appellate Division was affirmed (224 N. Y. 539), and thereafter a writ of certiorari to review the decision of the Court of Appeals was denied by the United States Supreme Court (248 U. S. 574). Upon the theory that by a later decision of the United States Supreme Court it had been held that injuries received on land were not maritime, the case was reopened by the Industrial Board